IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**KENNETH MERRITT,**

                **Plaintiff,**

v.                                                 Case 2:20-cv-02943-TLP-cgc

**FLEXTRONICS INTERNATIONAL
USA, INC. and HARTFORD FINANCIAL
SERVICES GROUP, INC.,**

                **Defendants.**

---

REPORT AND RECOMMENDATION ON
DEFENDANT HARTFORD FINANCIAL SERVICES GROUP, INC.'S
MOTION TO DISMISS

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

      Before the Court are Defendant Hartford Financial Services Group, Inc.'s ("Hartford Financial") Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") #22) and Plaintiff's Motion for Summary Judgment (D.E. # 15). Pursuant to Administrative Order 2013-05, the instant motion has been referred to United States Magistrate Judge Charmiane G. Claxton for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that the docket be corrected to reflect that the proper name of the defendant-insurer is Hartford Life and Accident Insurance Company. It is further RECOMMENDED that Hartford Life's Motion to Dismiss be DENIED without

1

prejudice and that Plaintiff be granted leave to amend his Complaint. It is further RECOMMENDED that Plaintiff's Motion be DENIED without prejudice.

### I. Procedural History

On November 13, 2020, Plaintiff filed a *pro se* civil action against Defendants in the Court of General Sessions of Shelby County, Tennessee alleging breach of contract and a violation of the Tennessee Consumer Protection Act, 47-18-101, *et seq*. (D.E. #2-1). Specifically, he alleges that he is an employee of Flextronics International, USA ("Flextronics"), which provides its employees with short-term disability ("STD") insurance through Hartford Financial. He alleges that he began experiencing pain in his hands on July 28, 2020, at which point he began a period of leave from work. He alleges that he was diagnosed with carpal tunnel syndrome on August 26, 2020 and was not released to return to work until October 12, 2020. He alleges that, although he has made a claim for STD benefits relating to this injury, his payments have been both delayed and incomplete.

On December 29, 2020, Hartford Financial filed a Notice of Removal in this Court. (D.E. #2-1). Therein, Hartford Financial asserted that, although Plaintiff's claims are couched in the language of state law, they are in fact preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. Accordingly, Hartford Financial asserted that this Court may exercise federal question jurisdiction under ERISA and that removal is proper.

Plaintiff filed his Motion for Summary Judgment on August 18, 2021 reiterating his claims that Hartford Financial violated the Tennessee Prompt Pay Act, Tenn. Code Ann. § 56-7-

109, acted in bad faith in violation of Tenn. Code Ann. § 56-7-105 and violated the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-109. (D.E. # 15) Hartford Financial did not file a response.

On September 17, 2021, Hartford Financial filed the instant Motion to Dismiss. Hartford Financial argues that Plaintiff's state law claims should be dismissed or stricken from the Complaint as they are both expressly and completely preempted by ERISA. Hartford Financial further argues that it is not a proper party to this suit, as the STD plan was issued by Hartford Life and Accident Insurance Company ("Hartford Life"). Thus, Hartford Financial requests that it either be dismissed or that Hartford Life be substituted as the proper insurer-defendant in this case.[1]

On September 23, 2021, Plaintiff filed Response to Hartford Financial's Motion to Dismiss (D.E. #23). Therein, he argues that this case was improperly removed to this Court on the basis of diversity jurisdiction because his claim request for damages is not in excess of $75,000.00.[2] Thus, Plaintiff asserts that it should be remanded to state court. On September 24, 2021, Hartford Financial filed its Reply (D.E. #24), which, *inter alia*, states that it removed the case based upon federal question jurisdiction rather than diversity jurisdiction, which requires no minimum amount in controversy.

---

[1] Hartford Financial advises the Court that it has suggested this substitution to Plaintiff but that he has rejected it.

[2] Although the precise amount of damages requested by Plaintiff is not clear, he states as follows in his Complaint: "The Hartford Company owes Merritt for 15 weeks of mandatory overtime rate that covers $7612.50. Merritt has claimed that the suffering stress and preparation of this case accounts for $15,500.00." (Compl. at PageID 20).

**II.     Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  This standard requires more than bare assertions of legal conclusions.  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001).  "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss.  *Twombly*, 550 U.S. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

### III.     Proposed Analysis and Conclusions of Law

As another threshold issue, Hartford Financial has indicated that it is not the proper defendant to this case, as Hartford Life issued the policy at issue. Hartford Financial has further attached a copy of Policy Number GLT-681075, which was issued by Hartford Life to Flextronics and was effective as of January 1, 2018. (*See* D.E. #22-2). Plaintiff does not dispute that this is the applicable policy or that it was Hartford Life rather than Hartford Financial that issued his it. Accordingly, it is RECOMMENDED that the docket be corrected to reflect that Hartford Life and Accident Insurance Company is the proper name of the defendant-insurer.[3]

Turning to the merits of the instant motion, Hartford Life seeks dismissal of all of Plaintiff's state-law claims with prejudice because they are both expressly and completely preempted by ERISA. It is correct that ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *See* 29 U.S.C. § 1144(a). Claims "relate to" an ERISA plan if they have a "connection with or reference to" an employee benefits plan, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987), which is undisputedly the case here. This leaves the Court with at least two options. The first is to dismiss the Plaintiff's Complaint—which raises employee-benefits-related claims but cites only state law causes of action. The second is to grant Plaintiff, who is proceeding *pro se* and whose factual allegations undisputedly pertain to an ERISA-governed plan, leave to amend his Complaint.

---

[3] Although Hartford Financial filed the instant motion, based upon this recommendation, the defendant-insurer will be referred to as Hartford Life, *infra*.

Based upon the factual allegations contained in his pleading, the precedent in this Circuit favoring the latter route, *see, e.g.*, *Brown v. Matauszcak*, 415 Fed. Appx. 608 (6th Cir. 2011), and the reasoning of other courts that have considered this issue, *see, e.g.*, *Friedland v. UBS AG*, No. 16 Civ. 687 (VMS), 2017 WL 6001769, at *1-*5 (E.D.N.Y. Dec. 4, 2017), it is RECOMMENDED that Plaintiff be given leave to amend his Complaint to bring any claims that "may now or hereafter relate to any employment benefit plan" under ERISA.  It is further RECOMMENDED that Plaintiff be advised that, if he fails to amend his Complaint to bring any such claims under ERISA, his Complaint may be dismissed and he may be barred from raising further legal claims relating to this employee-benefits plan dispute in the future.

As to the Motion for Summary Judgment, it is RECOMMENDED that it be denied without prejudice to file an appropriate motion should his Complaint be amended as discussed *infra*.

## IV.  Conclusion

For the reasons set forth herein, it is RECOMMENDED that Hartford Life's Motion to Dismiss be DENIED without prejudice and that Plaintiff be given leave to amend his Complaint. It is further RECOMMENDED that the docket be corrected to reflect that the proper name of the defendant-insurer is Hartford Life and Accident Insurance Company.

**SIGNED** this 21st day of December, 2021.

                                                s/ Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**