# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KENNETH MERRITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02943-TLP-cgc |
| v. ) | |
| ) | |
| FLEXTRONICS INTERNATIONAL USA, ) | |
| INC. and HARTFORD FINANCIAL ) | |
| SERVICES GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION

Pro se Plaintiff, Kenneth Merritt, sued his employer, Defendant Flextronics International USA, Inc. ("Flextronics"), and his insurer, Defendant Hartford Financial Services Group, Inc. ("Hartford"), in Shelby County Circuit Court over his Short-Term Disability insurance ("STD"). (ECF No. 2-1.)  Plaintiff claims that Defendants wrongfully failed to pay him, and delayed paying him, his scheduled STD payments after his carpal tunnel syndrome forced him to leave work.  (*Id.* at PageID 18–20.)  As a result, Plaintiff sued under the Tennessee Consumer Protection Act and for breach of contract.  (*Id.* at PageID 15.)  This Court referred this case to Magistrate Judge Charmiane G. Claxton ("Judge Claxton") for management of all pretrial matters.  Judge Claxton issued a Report and Recommendation ("R&R") recommending that the Court deny both Plaintiff's motion for summary judgment (ECF No. 15) and Defendant's motion to dismiss (ECF No. 22.).[1]

---

[1] When the Court refers to a filing or action made by a 'Defendant' here, it is referring to Defendant Hartford.  Defendant Flextronics International USA, Inc. has made no appearance

For the reasons below, the Court **ADOPTS** the R&R and therefore **DENIES** Plaintiff's summary judgment motion and Defendant's motion to dismiss **WITHOUT PREJUDICE**.

## BACKGROUND

The Court will now give an overview of the dispute.[2]

**I.      Facts of the Case**

Plaintiff alleges that he was an employee of Defendant Flextronics. (ECF No. 2-1 at PageID 18.) And through that relationship, Defendant Hartford provided Plaintiff, and other Flextronics employees, with STD insurance coverage. (*Id*.) At some point during his employment, Plaintiff experienced "pain in his hands." (*Id.*) This pain caused him to seek medical care. (*Id*.) A doctor diagnosed Plaintiff with carpel tunnel syndrome and "put [Plaintiff] on 2 weeks' leave off work with physical therapy." (*Id*.) Plaintiff then "filed for FMLA (Family Medical Leave Act) through" Defendant Hartford. (*Id*.) Plaintiff alleges that Defendant "approved" the "FMLA leave" and that he "was off work on medical leave" for "5 months." (ECF No. 15 at PageID 35.) But, throughout this period, Plaintiff claims that Defendant "Hartford only paid three payments" through the STD coverage, and for lesser amounts than he

---

here. Whether Plaintiff has served Defendant Flextronics properly is not clear from the record. Looking at the state court docket, Husch Blackwell, LLP filed a notice of appearance on Defendant Flextronics's behalf on December 31, 2020, two days after Defendant Hartford filed its notice of removal in this Court. Defendant Hartford then filed a copy of its notice of removal in state court on January 19, 2021. And it appears that Plaintiff served Defendant Flextronics in state court on January 21, 2021.

[2] Typically, the Court would recount the facts of the case from the non-moving party's perspective, when reviewing a R&R on a motion to dismiss, or from the statement of material facts, when looking at an R&R on a summary judgment motion. That said, considering the strange procedural history of the case, the scant facts outlined in Plaintiff's filings, and the conclusions of the R&R, the Court takes facts from the parties' other filings. But the Court notes that it is not considering these other facts to decide the motion to dismiss or a summary judgment motion.

expected.  (*Id.* at PageID 35, 39.)  This led Plaintiff to sue Defendants Flextronics and Hartford for violating the Tennessee Consumer Protection Act and for breach of contract.  (ECF No. 2-1 at PageID 15.)

## II.     Procedural History

Defendant Hartford removed the case to this Court under federal question jurisdiction.  (ECF No. 2.)  It noted that the Employee Retirement Income Security Act of 1974 ("ERISA") governs Plaintiff's "disability-insurance plan" and that he could have filed his claims in federal court originally.  (ECF No. 2 at PageID 5–6.)  Defendant then answered Plaintiff's complaint.  (ECF No. 8.)

Afterwards, Judge Claxton held a scheduling conference with the parties (ECF No. 13) and issued a Scheduling Order (ECF No. 14).  But instead of abiding by the schedule, and before Defendants filed the Administrative Record, Plaintiff moved for summary judgment (ECF No. 15).  In that motion, Plaintiff brought new claims against Defendants.  (*Id.*)  Besides the claims that he already alleged in his complaint, Plaintiff argued that Defendant Hartford's actions violated "the Tennessee Prompt Pay Act, Tenn. Code Ann. § 56-7-109" and that Defendant Flextronics committed "[n]egligent" and "fraudulent misrepresentation."  (ECF No. 36 at PageID 15.)  Defendant Hartford then moved to stay the briefing on Plaintiff's summary judgment motion, citing Plaintiff's deviation from the Scheduling Order, the lack of an Administrative Record, and its desire to first move to dismiss.  (ECF No. 16.)  Judge Claxton later granted Defendant's motion for stay.  (ECF No. 25.)

Defendant Hartford then moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), arguing that "Plaintiff's state law claims are preempted and/or foreclosed by" ERISA and that Defendant Hartford . . . is not a proper party to this" suit.  (ECF No. 22 at

PageID 233.)  Defendant also argued that its ERISA preemption claim "require[d] the denial of Plaintiff's motion for summary judgment."  (ECF No. 22-1 at PageID 244.)  Plaintiff responded, claiming that the Court should remand the case to state court because his requested damages did not meet the amount in controversy requirement for diversity jurisdiction.  (ECF No. 23.)

Judge Claxton then issued a single R&R addressing both Plaintiff's motion for summary judgment and Defendant's motion to dismiss.  (ECF No. 26.)

## THE REPORT AND RECOMMENDATION

Judge Claxton began the R&R by recounting the procedural history of the case.  (*Id*. at PageID 304–05.)  She noted the correct legal standard for addressing a 12(b)(6) motion.  (*Id*. at PageID 306–07.)  She then turned to the merits of Defendant's motion (*see id.* at PageID 307–08).  On the merits, Judge Claxton first addressed whether Defendant Hartford Financial Services Group was the proper defendant here.  (*Id.* at PageID 307.)

In deciding that question, Judge Claxton evaluated Plaintiff's insurance policy.  (ECF No. 22-2.)  She then verified that Plaintiff named the wrong entity here because Hartford Life and Accident Insurance issued the policy not the entity Plaintiff named, Hartford Financial Services Group.  (ECF No. 26 at PageID 307.)  Judge Claxton also noted that Plaintiff did not dispute either fact.  (*Id.*)  As a result, Judge Claxton recommended "that the docket be corrected to reflect that Hartford Life and Accident Insurance Company is the proper name of the defendant-insurer."  (*Id.*)

Second, Judge Claxton addressed Defendant's ERISA preemption claim.  (*Id.*)  Judge Claxton agreed with Defendant that "ERISA preempts 'any and all State laws'" that "'relate to any employee benefit plan.'"  (*Id.* (quoting 29 U.S.C. § 1144(a)).  And clarified that a claim "relate[d] to" an ERISA plan when it "has a connection with or reference to such a plan."  (*Id.* at

4

PageID 307 (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987)): *see also Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)).

With that in mind, Judge Claxton noted that she had two options: dismiss Plaintiff's claim that "raised employee-benefits-related claims" or grant Plaintiff leave to amend his complaint to consider ERISA preemption. (ECF No. 26 at PageID 307–08.) But, as Judge Claxton pointed out, the Sixth Circuit prefers that courts provide pro se plaintiffs with leave to amend before dismissing their claims with prejudice. (*Id.* at PageID 308 (citing *Brown v. Matauszak*, 415 F. App'x 608 (6th Cir. 2011). As a result, Judge Claxton recommended denying both Defendant's motion to dismiss and Plaintiff's motion for summary judgment without prejudice. (ECF No. 26 at PageID 308.) Judge Claxton also recommended that the Court advise Plaintiff to amend his complaint to bring his claims under ERISA and inform Plaintiff that his "[c]omplaint may be dismissed and he may be barred from raising further legal claims relating to his employee-benefits plan" if he failed to do so. (*Id.*)

## **DISPOSITION**

Under Federal Rule of Civil Procedure 72(b)(2) "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a party objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But when neither party objects, the district court need only review the record for "clear error." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendments.

Neither party objected to the R&R here.  And having reviewed the record and the R&R, the  Court finds no clear error.  Indeed, the Court agrees with Judge Claxton's findings and conclusions.  The Court, however, makes one clarification.

Typically, when a Defendant brings a meritorious motion to dismiss, as here, in a case with a pro se Plaintiff, courts in the Sixth Circuit "dismiss" the case with "leave to amend" if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading."  *Brown*, 415 F. App'x 608 at 614 (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1483 (3d ed. 2010)).  Although functionally equivalent to denying the motion to dismiss without prejudice and permitting Defendant to re-file its motion after Plaintiff amends, it suggests that Defendant's motion lacked merit when, in fact, the motion did have merit.

All the same, because the Court agrees with the outcome, and because Plaintiff has already moved for leave to amend his complaint (ECF No. 27), the Court **ADOPTS** the **R&R** in full and **DENIES** Plaintiff's motion for summary judgment (ECF No. 15) and **DENIES without prejudice** Defendant's motion to dismiss (ECF No. 22).  Plaintiff has 30 days from the entry of this Order to amend his complaint to allege his claims under ERISA.  Defendant can then move for dismissal if it so chooses.

**SO ORDERED**, this 16th day of February, 2022.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE