IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**KENNETH MERRITT,**

       **Plaintiff,**

v.                                                     **Case 2:20-cv-02943-TLP-cgc**

**FLEXTRONICS INTERNATIONAL, USA**
**and HARTFORD FINANCIAL SERVICES**
**GROUP, INC.,**

       **Defendants.**

---

### REPORT AND RECOMMENDATION ON
### MOTION TO AMEND COMPLAINT
### AND SECOND MOTION TO AMEND COMPLAINT

---

Before the Court are Plaintiff Kenneth Merritt's Motion to Amend Complaint (D.E. # 27) and Plaintiff's Second Motion to Amend Complaint. (D.E. #31). Pursuant to Administrative Order 2013-05, the instant motions have been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Motion to Amend and Second Motion to Amend Complaint be DENIED and that Plaintiff's Complaint may be DISMISSED for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**I.**     **Procedural History**

On November 13, 2020, Plaintiff filed a *pro se* civil action against Defendants in the Court of General Sessions of Shelby County, Tennessee alleging breach of contract and a violation of the Tennessee Consumer Protection Act ("TCPA"), 47-18-101, *et seq*. (D.E. #2-1). Specifically,

he alleges that he is an employee of Flextronics International, USA ("Flextronics"), which Plaintiff states provides its employees with short-term disability ("STD") insurance through Hartford Financial Services Group, Inc. ("Hartford").[1]  Plaintiff alleges that he began experiencing pain in his hands on July 28, 2020, at which point he began a period of leave from work.  He alleges that he was diagnosed with carpal tunnel syndrome on August 26, 2020 and was not released to return to work until October 12, 2020.  He alleges that, although he has made a claim for STD benefits relating to this injury, his payments have been both delayed and incomplete.

On December 29, 2020, Hartford Financial filed a Notice of Removal in this Court.  (D.E. #2-1).  Therein, Hartford Financial asserted that, although Plaintiff's claims are couched in the language of state law, they are in fact preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.  Accordingly, Hartford Financial asserted that this Court may exercise federal question jurisdiction under ERISA and that removal is proper.

On September 17, 2021, Hartford filed its Motion to Dismiss.  (D.E. #22).  Hartford argued that Plaintiff's state law claims should be dismissed or stricken from the Complaint as they are both expressly and completely preempted by ERISA.  On December 21, 2021, the undersigned issued a Report and Recommendation recommending that Hartford's Motion to Dismiss be denied without prejudice and that Plaintiff be given leave to amend his Complaint to bring any claims that "may now or hereafter relate to any employment benefit plan" under ERISA.  (D.E. #26) (citing 29 U.S.C. § 1144(a)).

---

[1] Although Plaintiff named Defendant as "Hartford Financial Services Group, Inc.," Defendant has stated that the ERISA Policy and Plan at issue in this case is administered by "Hartford Life Accident Insurance Company."  (*See* D.E. #22-1 at PageID 236 n.1).  The undersigned recommended that the docket be corrected to reflect the proper name; however, although the Report and Recommendation was adopted by the District Court, the docket continues to reflect the original named entity.  For purposes of clarity, the insurer-defendant will be referred to herein as "Hartford."

2

On December 30, 2021, while the Report and Recommendation was still pending consideration by the District Judge, Plaintiff filed a Motion to Amend Complaint. (D.E. #27). With respect to ERISA, Plaintiff's Motion to Amend states that he believes that Hartford "failed to follow the [g]uidelines of ERISA when it approved or denied" his claim and that it breached its fiduciary duty under ERISA under 29 U.S.C. Sections 1109 and 1132(a)(3). However, Plaintiff's Motion to Amend also continues to discuss various state-law theories of recovery, including referring to his case at one point as a being a "simple issue of breach of contract, negligence and fraud." (D.E. #27 at PageID 320). Plaintiff's Motion to Amend also continues to argue that his claims are not completely preempted by ERISA, that his case was not properly removed to this Court, and that his case should be remanded to state court. (D.E. #27 at PageID 318-23).

On January 12, 2022, Hartford filed its Response to Plaintiff's Motion to Amend. (D.E. #28). Hartford argues that, in direct contravention of the pending Report and Recommendation, Plaintiff seeks to raise state-law claims and seek extra-contractual benefits as preempted by ERISA. Hartford also argues that Plaintiff's Motion to Amend admits that he was approved for the duration of benefits to which he was entitled. Thus, Hartford argues that, even if Plaintiff were permitted leave to amend, his claims would be subject to dismissal.

On February 16, 2022, the District Court adopted the Report and Recommendation over no objection.[2] (D.E. #29). The District Court noted that Plaintiff had also filed his Motion to Amend Complaint (D.E. #27) and provided him thirty days from the entry of that Order to "amend his complaint to allege his claims under ERISA."

---

[2] The District Court stated that the preferable resolution of Defendant's Motion to Dismiss would have been to grant it with leave to amend because the motion did have merit; however, the District Court stated that, as the outcome is the same, the Report and Recommendation should be adopted and Plaintiff should be permitted leave to amend his complaint.

3

On April 13, 2022, the undersigned issued an Order to Show Cause due to Plaintiff's failure to comply with the District Court's order directing him to amend his complaint. (D.E. #30). The Order to Show Cause ordered Plaintiff to show cause within fourteen days of its entry as to why the Magistrate Judge should not file a Report and Recommendation recommending that the District Court dismiss the case for lack of prosecution. The Order to Show Cause further contained the following warning: "**FAILURE TO RESPOND TO THIS ORDER WILL RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CASE FOR FAILURE TO PROSECUTE**."

To date, Plaintiff has not filed an amended complaint as he has been ordered to do by the presiding District Judge. He has also not filed an amended Complaint following the Magistrate Judge's Order to Show Cause. Instead, on April 25, 2022, Plaintiff filed his Second Motion to Amend Complaint (D.E. #31). In his Second Motion to Amend, Plaintiff states that he wishes to raise ERISA claims, albeit under a different provision than he mentioned in his Motion to Amend. However, as he did in his Motion to Amend, he also mentions the same and new state-law causes of action, including breach of contract, intentional and negligent misrepresentation, fraud, and violations of the TCPA, the Tennessee Prompt Pay Act, and the Tennessee bad-faith statute.

On May 9, 2020, Hartford filed its Response to Plaintiff's Second Motion to Amend. Hartford again argues that Plaintiff's case should be dismissed with prejudice for failure to prosecute. (D.E. #32). Hartford additionally argues that, as Plaintiff admits that he was approved and paid for the duration of benefits to which he was entitled under the ERISA plan, he cannot state an ERISA claim upon which relief may be granted.

## II. Analysis

### a. Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure governs involuntary dismissals if the plaintiff fails to prosecute or to comply with these rules or a court order. Rule 41(b) permits the defendant to file a motion to dismiss for failure to prosecute.[3] The Court may also enter such a dismissal *sua sponte*. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-33 (1962).

Here, despite being given multiple opportunities to file an amended complaint, Plaintiff has failed to do so. Although he has since filed a Second Motion to Amend Complaint, this does not satisfy the District Court's Order, which allowed thirty days to file the amended pleading itself. Plaintiff has also not submitted a Proposed Amended Complaint. Accordingly, it is RECOMMENDED that Plaintiff's Complaint may be DISMISSED pursuant to Rule 41(b) for failure to prosecute.

### b. Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment," or other unjust reason, leave of court should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[3] Although Hartford Life did not file a separate motion to dismiss pursuant to Rule 41(b), it states in its Response to Plaintiff's Second Motion for Leave to Amend Complaint that it wishes to renew its previously filed Motion to Dismiss and argues that dismissal for failure to prosecute is appropriate.

Proposed amendments are deemed futile if they would not permit the complaint to survive a motion to dismiss.  *Miller v. Calhoun County*, 408 F.3d.803, 817 (6th Cir. 2005).

Here, the District Court has already ordered Plaintiff to amend his complaint to "allege his claims under ERISA."  Plaintiff has not proffered an amended complaint as ordered by the District Court.  The "proposed amendments" as sussed out from Plaintiff's motions to amend continue to raise state law claims and do not clearly state a claim under ERISA.  Claims "relate to" an ERISA plan if they have a "connection with or reference to" an employee benefits plan, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987), which is undisputedly the case here.  Thus it is RECOMMENDED that Plaintiff's Motions to Amend may be DENIED as Plaintiff fails to state a claim under ERISA and ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  *See* 29 U.S.C. § 1144(a).

### III.  Conclusion

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Motions to Amend may be DENIED and Plaintiff's Complaint may be DISMISSED for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

SIGNED this 14th day of June, 2022.

          s/ Charmiane G. Claxton
          CHARMIANE G. CLAXTON
          UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**