IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KENNETH MERRITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02943-TLP-cgc |
| v. ) | |
| ) | |
| FLEXTRONICS INTERNATIONAL USA, ) | |
| INC. and HARTFORD FINANCIAL ) | |
| SERVICES GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO AMEND AND SECOND MOTION TO AMEND COMPLAINT, AND DISMISSING PLAINTIFF'S COMPLAINT**

Kenneth Merritt, sued his employer, Flextronics International USA, Inc. (Flextronics),[1] and his insurer, Hartford Financial Services Group, Inc. (Hartford)[2] over his Short-Term Disability insurance (STDI). (ECF No. 2-1.) Defendants removed the case from Shelby County

---

[1] When the Court refers to a filing or action made by "Defendant" here, it is referring to Defendant Hartford. Defendant Flextronics International USA, Inc. has made no appearance here. Whether Plaintiff has served Defendant Flextronics properly is unclear from the record. Looking at the state court docket, Husch Blackwell, LLP filed a notice of appearance on Defendant Flextronics's behalf two days after Defendant Hartford filed its notice of removal in this Court. Defendant Hartford then filed a copy of its notice of removal in state court on January 19, 2021. And the state court docket reflects that Plaintiff served Defendant Flextronics in state court on January 21, 2021.

[2] Although Plaintiff named Defendant as "Hartford Financial Services Group, Inc.," Defendant has stated that the ERISA Policy and Plan at issue is administered by "Hartford Life Accident Insurance Company." (*See* ECF No 22-1 at PageID 236 n.1). Judge Claxton recommended that the docket be corrected to reflect Defendant's proper name (ECF No. 26), and this Court agreed. (ECF No. 29.) But the docket continues to reflect the original named entity. For clarity purposes, any references to "Defendant" or "Hartford" refers to Hartford Life Accident Insurance Company.

Circuit Court to this Court. (ECF No. 2.) Because Plaintiff is pro se, the Court referred this case to Magistrate Judge Charmiane G. Claxton (Judge Claxton) for management of all pretrial matters under Administrative Order 2013-05. (ECF No. 9.)

The Court now considers Judge Claxton's Report and Recommendation (R&R) recommending that this Court deny Plaintiff's Motion to Amend and Second Motion to Amend Complaint. (ECF No. 33.) Judge Claxton's R&R also recommends that this Court dismiss Plaintiff's Complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). (*Id.*) For the reasons below, the Court **ADOPTS** the R&R, **DENIES** Plaintiff's Motion to Amend and Second Motion to Amend Complaint, and **DISMISSES** Plaintiff's Complaint.

## BACKGROUND

I.   **Facts of the Case**

Plaintiff alleges that he was an employee of Defendant Flextronics. (ECF No. 2-1 at PageID 18.) And through that relationship, Defendant provided Plaintiff, and other Flextronics employees, with STDI insurance coverage. (*Id.*) Sometime during his employment, Plaintiff experienced "pain in his hands." (*Id.*) This pain caused him to seek medical care. (*Id.*) A doctor diagnosed Plaintiff with carpel tunnel syndrome and "put [Plaintiff] on 2 weeks' leave off work with physical therapy." (*Id.*) Plaintiff then "filed for FMLA (Family Medical Leave Act) through" Defendant. (*Id.*) Plaintiff alleges that Defendant "approved" the "FMLA leave" and that he "was off work on medical leave" for five months. (ECF No. 15 at PageID 35.) But, throughout this period, Plaintiff claims that Defendant "Hartford only paid three payments" through the STDI coverage, for lesser amounts than he expected. (*Id.* at PageID 35, 39.) And Plaintiff claims that "the benefits that he was approved for should have never [sic] took 45 days to be paid." (ECF No. 27 at PageID 314.) This led Plaintiff to sue Defendants Flextronics and

Hartford for violating the Tennessee Consumer Protection Act and for breach of contract. (ECF No. 2-1 at PageID 15.)

## II. Procedural History

Defendant removed the case to this Court under federal question jurisdiction. (ECF No. 2.) It noted that the Employee Retirement Income Security Act of 1974 (ERISA) governs Plaintiff's "disability-insurance plan" and that he could have filed his claims in federal court originally. (ECF No. 2 at PageID 5–6.) Defendant then answered Plaintiff's complaint. (ECF No. 8.)

Next, Judge Claxton held a scheduling conference with the parties (ECF No. 13) and issued a Scheduling Order (ECF No. 14). But rather than abide by the schedule, and before Defendant filed the ERISA Administrative Record,[3] Plaintiff moved for summary judgment (ECF No. 15). In his motion, Plaintiff added new claims against Defendants. (*Id.*) Besides the claims that he already alleged in his complaint, Plaintiff argued that Defendant's actions violated "the Tennessee Prompt Pay Act, Tenn. Code Ann. § 56-7-109" and that Defendant Flextronics committed "[n]egligent" and "fraudulent misrepresentation." (ECF No. 36 at PageID 15.) Defendant then moved to stay the briefing on Plaintiff's summary judgment motion, citing Plaintiff's deviation from the Scheduling Order, the lack of an ERISA Administrative Record, and its desire to first move to dismiss. (ECF No. 16.) Judge Claxton later granted Defendant's motion for stay. (ECF No. 25.)

---

[3] "The administrative record in an ERISA case includes all documentation submitted during the administrative appeals process because this information was necessarily considered by the plan administrator in evaluating the merits of the claimant's appeal." Kalish v. Liberty Mut./Liberty Life Assurance Co. of Bos., 419 F.3d 501, 511 (6th Cir. 2005).

3

Defendant then moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). In its motion Defendant argued that "Plaintiff's state law claims are preempted and/or foreclosed by" ERISA. (ECF No. 22 at PageID 233.) Defendant also argued that its ERISA preemption claim "require[d] the denial of Plaintiff's motion for summary judgment." (ECF No. 22-1 at PageID 244.) Plaintiff responded, claiming that the Court should remand the case to state court because his requested damages did not meet the amount in controversy requirement for diversity jurisdiction. (ECF No. 23.) Judge Claxton then issued a single R&R addressing both Plaintiff's motion for summary judgment and Defendant's motion to dismiss. (ECF No. 26.)

In her first R&R, Judge Claxton agreed with Defendant that "ERISA preempts 'any and all State laws'" that "'relate to any employee benefit plan.'" (*Id.* (quoting 29 U.S.C. § 1144(a)). And she clarified that a claim "relate[d] to" an ERISA plan when it "has a connection with or reference to such a plan." (*Id.* at PageID 307 (quoting *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 47 (1987)); *see also Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)). With that in mind, Judge Claxton noted that she had two options: dismiss Plaintiff's claim that "raised employee-benefits-related claims" or grant Plaintiff leave to amend his complaint to consider ERISA preemption. (ECF No. 26 at PageID 307–08.) But as Judge Claxton pointed out, the Sixth Circuit prefers that courts provide pro se plaintiffs with leave to amend before dismissing their claims with prejudice. (*Id.* at PageID 308 (citing *Brown v. Matauszak*, 415 F. App'x 608 (6th Cir. 2011)).

As a result, Judge Claxton recommended denying both Defendant's motion to dismiss and Plaintiff's motion for summary judgment without prejudice. (ECF No. 26 at PageID 308.) Judge Claxton also recommended that the Court advise Plaintiff to amend his complaint to bring his claims under ERISA and inform Plaintiff that his "[c]omplaint may be dismissed and he may

4

be barred from raising further legal claims relating to his employee-benefits plan" if he failed to do so.  (*Id.*)

With the first R&R still pending before this Court, Plaintiff moved to amend his complaint.  (ECF No. 27.)  There Plaintiff alleged that he believed Defendant "failed to follow the [g]uidelines of ERISA when it approved or denied" his claim and that it breached its fiduciary duty under ERISA, 29 U.S.C. Sections 1109 and 1132(a)(3).  But Plaintiff also discussed many state-law theories of recovery, referring to his case as a "simple issue of breach of contract, negligence and fraud."  (*Id.* at PageID 320.)  And Plaintiff argued that his claims are not completely preempted by ERISA, that his case was not properly removed to this Court, and that his case should be remanded to state court.  (*Id.* at PageID 318–23.)

Then, Defendant responded to the Motion to Amend.  In its Response, Defendant argued that Plaintiff sought to raise state-law claims and seek extra-contractual benefits as preempted by ERISA in direct contravention of the pending R&R.  (ECF No. 28.)  And Defendant argued that Plaintiff's Motion to Amend admits that he was approved all benefits to which he was entitled.  (*Id.*)  Defendant argued that even if Plaintiff were permitted leave to amend, his claims would still be subject to dismissal.  (*Id.*)

One month later, this Court adopted Judge Claxton's R&R over no objection.[4]  (ECF No. 29.)  Noting Plaintiff's pending Motion to Amend Complaint, the Court provided him thirty days from the entry of that Order to "amend his complaint to allege his claims under ERISA."  (*Id.* at PageID 366.)  Still, Plaintiff made no such amendment.

---

[4] In this Order, the Court noted that the preferable resolution of Defendant's motion to dismiss would have been to grant it with leave to amend.  (ECF No. 29 at PageID 366.)  But because the outcome is the same, this Court adopted Judge Claxton's R&R in full.

5

Almost sixty days later, Judge Claxton issued an Order to Show Cause. This order directed Plaintiff to show why Judge Claxton should not file an R&R recommending that this Court dismiss the case for lack of prosecution. (ECF No. 30.) And she gave Plaintiff fourteen days to do so. (*Id.*) The Order to Show Cause further contained the following warning: "**FAILURE TO RESPOND TO THIS ORDER WILL RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CASE FOR FAILURE TO PROSECUTE.**" (*Id.*)

Plaintiff then filed his Second Motion to Amend Complaint, rather than file an amended complaint. (ECF No. 31.) In his motion, Plaintiff stated that he wished to raise ERISA claims, although under a different provision than he mentioned in his first Motion to Amend. (*Id.*) But as he did in his first Motion to Amend, he also mentioned the same and new state-law causes of action, including breach of contract, intentional and negligent misrepresentation, fraud, and violations of the TCPA, the Tennessee Prompt Pay Act, and the Tennessee bad-faith statute. (*Id.*)

Two weeks later, Defendant responded to Plaintiff's Second Motion to Amend. Defendant again argued that Plaintiff's case should be dismissed with prejudice for failure to prosecute. (ECF No. 32.) And Defendant argued that, as Plaintiff admits that he was approved and paid all benefits to which he was entitled under the ERISA plan, he cannot state an ERISA claim upon which relief may be granted. (*Id.*)

With Plaintiff's two motions to amend his complaint still pending, Judge Claxton then issued her second R&R here. There she recommended that this Court deny Plaintiff's pending motions to amend his complaint. (ECF No. 33.) Judge Claxton also recommended that this

Court dismiss Plaintiff's claim for failure to prosecute under Rule 41(b). (*Id.*) Plaintiff objected to Judge Claxton's R&R (ECF No. 36), and Defendant Responded. (ECF No. 37.)

## THE REPORT AND RECOMMENDATION

Judge Claxton began her R&R by recounting the complex procedural history of this case. (ECF No. 33 at Page ID 399.) She noted the correct legal standard for involuntary dismissal if a plaintiff fails to prosecute, comply with the Federal Rules, or a court order under Rule 41(b). (Id. at PageID 403.) Under that standard, Judge Claxton then addressed whether the Court should dismiss Plaintiff's claim for failure to prosecute.

In deciding that question, Judge Claxton highlighted Plaintiff's repeated failures to amend his complaint. (*Id.*) She also noted Plaintiff's failure to submit his Proposed Amended Complaint with his motions to amend. (*Id.*) Judge Claxton therefore recommended that this Court dismiss Plaintiff's Complaint under Rule 41(b) for failure to prosecute. (*Id.*)

Judge Claxton next noted the correct legal standard for granting a party's motion for leave to amend his pleading under Federal Rule of Civil Procedure 15. (*Id.*) And under that standard, Judge Claxton considered whether the Court should grant Plaintiff's motions to amend his complaint. (*Id.*) Judge Claxton recommended that this Court deny those motions for two reasons. First, "Plaintiff has not proffered an amended complaint as ordered by [this Court]." (*Id.*) Second, the "proposed amendments" derived from Plaintiff's motions thus far continue to raise state law claims and do not state a claim under ERISA. (*Id.* at PageID 404.) So Judge Claxton reasoned that any further amendment would be futile. (*Id.*) As a result, Judge Claxton also recommended that this Court deny Plaintiff's motions to amend his complaint. (*Id.*)

**DISPOSITION**

This Court now turns to Plaintiff's attempts to object here. The Court looks first to the Federal Rules of Civil Procedure for guidance about R&Rs. Rule 72(b)(2) states that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72(b) advisory committee notes. But the Court should review de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* And a district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986). What is more, a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

About one month after Judge Claxton issued her R&R, Plaintiff tried to object. (ECF No. 36.) And about two weeks after that, Defendant responded, arguing in support of the R&R. (ECF No. 37.) The gist of Plaintiff's objections come down to two arguments: (1) his complaint should not be dismissed for failure to prosecute under Rule 41(b) because "the advice to amend the complaint was vague and unclear to him the first & second time"; and (2) Judge Claxton has not applied the less stringent standard this Court affords pro se litigants like himself. (ECF No. 36.) And as Defendant points out , Plaintiff includes what looks like a third motion to amend his Complaint in his objection. (*Id.* at PageID 415–21.)

8

Defendant argues that "[e]ven taking into account the more lenient standards afforded to pro se litigants, the ship has sailed" to file an amended complaint. (ECF No. 37 at PageID 439.) Defendant also argues that "Plaintiff has made clear that he is unable or unwilling to follow the Court's directive dating back to December 2021. Plaintiff's claim should be dismissed for failure to prosecute because he has yet to file a conforming amended complaint stating a claim for ERISA benefits." (*Id.* at PageID 440.) This Court agrees. The Court now turns to why this Court should dismiss Plaintiff's Complaint and why Plaintiff should not be permitted to amend his Complaint.

I. **Dismissal Under Rule 41(b) for Failure to Prosecute**

Judge Claxton recommends dismissing Plaintiff's Complaint for failure to prosecute under Rule 41(b). When determining whether dismissal for failure to prosecute was an appropriate exercise of discretion, a reviewing court should consider:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Nationwide Life Ins. Co. v. Penn-Mont Benefit Servs., Inc.*, No. 16-4707, 2018 WL 1124133, at *6 (6th Cir. 2018) (citing *Shafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008)). A weighing of these factors supports the Rule 41(b) dismissal of Plaintiff's Complaint.

A. **Whether the party's failure is due to willfulness, bad faith, or fault**

To support a finding that Plaintiff's actions show a failure to prosecute under the first factor, the plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shafer*, 529 F.3d at 737. The burden of proof is on the plaintiff to show that his failure to comply with the Court's

9

order(s) was due to inability, not willfulness or bad faith. *Id.* Plaintiff here argues that he could not comply with Judge Claxton's or this Court's orders because the Court did not define what was expected of him. And he claims that it was not until Judge Claxton's most recent R&R that he understood the Court's expectations. But "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants." *Plieler v. Ford*, 542 U.S. 225, 231 (2004). Requiring otherwise "would undermine district judges' role as impartial decisionmakers." *Id.*

And so the Court finds that Plaintiff's conduct reflects a reckless disregard for the effect his conduct had on this case. Still, Judge Claxton and this Court have now given Plaintiff three opportunities to amend his complaint. And after each opportunity, Plaintiff moved to amend his complaint instead. What is more, Plaintiff made these motions without submitting a proposed amended complaint at the same time as required by the Local Rules.

Though some, including Plaintiff, might argue that this Court should construe Plaintiff's motions to amend as amended complaints itself, this would not account for Plaintiff's other willful failures to follow this Court's rules. For example, Plaintiff's initial complaint (ECF No. 1) fails to state claims in numbered paragraphs as required by Federal Rule of Civil Procedure 10. Plaintiff also failed to follow Judge Claxton's Scheduling Order when he moved for summary judgment before Defendant submitted the ERISA Administrative Record. Although Plaintiff's conduct does not establish bad faith, it still shows willful disregard to this Court's orders and attempts at efficiently resolving Plaintiff's issues.

### B.  Whether Plaintiff's conduct prejudiced Defendant

A plaintiff's conduct prejudices a defendant when a defendant wasted its resources in "pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Schafer*, 529 F.3d at 737. Defendant here wasted its time, money, and effort when it responded to each of

Plaintiff's motions to amend his complaint. Defendant would not have needed to respond had Plaintiff followed the Court's directives. Plaintiff's motion for summary judgment also required Defendant to respond without a completed ERISA Administrative Record. And because Plaintiff moved for summary judgment so early, Defendant had to move for a stay—a motion Defendant would not have needed had Plaintiff followed the scheduling order. Accordingly, the prejudice prong of the analysis also weighs for finding that dismissal of Plaintiff's complaint was appropriate.

### C. Whether the Court warned Plaintiff that failure to cooperate could lead to dismissal

Notice is a key consideration under the third factor. *Schafer*, 529 F.3d at 737. Plaintiff cannot dispute that Judge Claxton warned him his behavior could lead to the Court dismissing his complaint. In fact, Judge Claxton warned him twice that if he did not amend his complaint stating a claim under ERISA, the complaint would be dismissed with prejudice. Judge Claxton made her initial warning in her first R&R. (*See* ECF No. 26 at PageID 308.) Then, in capitalized and bolded letters, Judge Claxton made another explicit warning in her Order to Show Cause. (*See* ECF No. 30.) But Plaintiff still failed to comply. This third factor—a "key consideration" in the analysis, therefore supports Judge Claxton's dismissal recommendation.

### D. Whether the Court imposed or considered less drastic sanctions before it ordered dismissal

Dismissal for failure to prosecute is not favored in the Sixth Circuit if alternative sanctions would protect the integrity of the pretrial process. *Schafer*, 529 F.3d at 738. Judge Claxton has already tried to use alternative sanctions with Plaintiff—she recommended that this Court deny Defendant's motion to dismiss without prejudice and that this Court give Plaintiff leave to amend his Complaint. And this Court adopted that recommendation. But, as already

11

explained, Plaintiff has still failed to amend his complaint after three opportunities to do so. So this factor also supports finding that this Court should adopt Judge Claxton's dismissal recommendation.

### E. Each factor points to dismissal

The fault, prejudice, prior notice, and lesser sanctions factors all favor adopting Judge Claxton's R&R. The Court therefore dismisses Plaintiff's complaint for failure to prosecute under 41(b).

## II. Leave to Amend

Judge Claxton recommends that this Court deny Plaintiff's motions to amend his complaint. Her analysis explains that any amendment, at this point, would be futile:

> Rule 15 of the Federal Rules of Civil Procedure provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment," or other unjust reason, leave of court should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Proposed amendments are deemed futile if they would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun County*, 408 F.3d.803, 817 (6th Cir. 2005).
> Here, the District Court has already ordered Plaintiff to amend his complaint to "allege his claims under ERISA." Plaintiff has not proffered an amended complaint as ordered by the District Court. The "proposed amendments" as sussed out from Plaintiff's motions to amend continue to raise state law claims and do not clearly state a claim under ERISA. Claims "relate to" an ERISA plan if they have a "connection with or reference to" an employee benefits plan, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987), which is undisputedly the case here.

(ECF No. 33 at PageID 403–04.) ERISA also preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *See* 29 U.S.C. § 1144(a). Having reviewed the record here, the Court agrees with Judge Claxton and therefore denies Plaintiff's

12

motions to amend because Plaintiff—in his first complaint and later motions—fails to state a claim under ERISA.

## **CONCLUSION**

Having reviewed the R&R and the entire record here, the Court **ADOPTS** the R&R. The Court therefore **DENIES** Plaintiff's motions to amend and **DISMISSES** Plaintiff's Complaint for failure to prosecute under Rule 41(b).

**SO ORDERED**, this 23d day of September, 2022.

                                               s/Thomas L. Parker
                                               THOMAS L. PARKER
                                               UNITED STATES DISTRICT JUDGE